

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2007

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1678

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Liu v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1419.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1419

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1678

———————

MARTIN LIU,

Petitioner

v.

DEPARTMENT OF HOMELAND SECURITY;
ATTORNEY GENERAL OF THE UNITED STATES

———————

On Petition for Review of a
Decision and Order of the Board of
Immigration Appeals
Immigration Judge:  R.K. Malloy
(BIA No. A96 260 151-Philadelphia)

———————

Submitted under Third Circuit LAR 34.1(a)
March 15, 2007

BEFORE:  FUENTES, GREENBERG, and LOURIE,* Circuit Judges

(Filed:March 28, 2007)

———————

OPINION OF THE COURT

———————

_____

*Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

GREENBERG, <u>Circuit</u> <u>Judge</u>.

This matter comes on before the court on a petition for review of a decision and order of the Board of Immigration Appeals ("BIA") dated January 26, 2006, affirming a decision and order of an immigration Judge ("IJ") of March 7, 2005. The proceedings before this court are the culmination of removal proceedings commenced on March 14, 2003. During the course of the proceedings the petitioner, Martin Liu, applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). A hearing was held on the matter before the IJ on March 7, 2005, at which, in an oral decision, the IJ denied Liu relief on all three grounds but granted him the privilege of voluntary departure.

The IJ denied the application for asylum both on the merits and on the ground that Liu did not apply for asylum within one year of arriving in this country, as required by 8 U.S.C. § 1158(a)(2)(B), and there were no circumstances to excuse the delay so as to bring the asylum application within 8 U.S.C. § 1158(a)(2)(D). The IJ denied withholding of removal on the ground that Liu did not meet the burden of proof to demonstrate that he was entitled to relief under 8 U.S.C. § 1231(b)(3). The IJ cited <u>Lie v. Ashcroft</u>, 396 F.3d 530 (3d Cir. 2005), on this point. The IJ denied relief under the CAT because Liu did not establish the basis for such relief as a factual matter.

Liu thereafter appealed to the BIA which had jurisdiction under 8 C.F.R. § 1003.1(b)(3) and (9). The BIA designated a single member to hear the matter pursuant to

8 C.F.R. § 1003.1(e)(4-5). See Dia v. Ashcroft, 353 F.3d 228, 234 (3d Cir. 2003) (en

banc). That member on behalf of the BIA adopted and affirmed the decision and order of

the IJ. The member noted, however, that inasmuch as Liu "did not specifically challenge

the denial of his application for protection under the [CAT] that issue is not preserved,

and is not before us." App. at 3. In these circumstances it is not before us either. See

Drozd v. INS, 155 F.3d 81, 90-91 (2d Cir. 1998).

Liu has filed his petition for review pursuant to 8 U.S.C. § 1252(b)(2), (d). In

view of the circumstance that the BIA did not render an opinion but merely affirmed by

adopting the IJ's opinion, we review the decision and order of the IJ. See Dia, 353 F.3d

at 245.

In this proceeding Liu raises the following issues:

1. Whether the IJ's decision to deny his application for withholding of
removal failed to consider the pattern or practice of persecution of Christian
Chinese in Indonesia?

2. Whether the IJ erred in determining that he had not suffered past
persecution?

3. Whether the IJ erred in determining that he would not suffer future
persecution?

4. Whether this appeal should be remanded to the BIA for a three-member
panel review under 8 C.F.R. 208.16(c)?

5. Whether the IJ erred in failing to consider all country condition reports,
and erroneously relied exclusively on the State Department Reports?

These issues are raised in the context of a review of the denial of the withholding

of removal as Liu is not challenging the denial of asylum and his CAT claims are not before us.

In order to be entitled to withholding of removal Liu has the burden of proof to establish that if he is removed he would face threats to his life or freedom on account of his race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1231(b)(3)(A); Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003). He must establish the threat by a "clear probability" which means "more likely than not." Id. Of course, in view of the procedural posture of the case, we must uphold the findings rejecting petitioner's claims if they are supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004) (internal quotation marks and citation omitted).

Liu simply has not met his burden in these proceedings. After the IJ thoroughly reviewed the evidence she concluded that the adverse incidents to which Liu testified were the acts of criminals and did not constitute persecution. We do not see any basis to reject her conclusion nor do we see any procedural reason to grant the petition for review.

Finally, we reject Liu's argument that the BIA could not designate a single member to affirm the decision and order of the IJ. His reasoning is as follows: "The case is not appropriate for affirmance without opinion because the IJ erred as a matter of law and fact [in] denying [Liu's] claims for relief. The Board cannot affirm without opinion

4

because the result reached by the IJ was incorrect and thus" the criteria for a one-member disposition in 8 C.F.R. § 1003.1(e)(3, 4, & 5) have not been met. Petitioner's br. at 23. The problem with this circular logic is that we are holding that the IJ did not err as a matter of law or fact and thus the criteria for a one-member disposition have been met.

For the foregoing reasons the petition for review of the decision and order of the BIA dated January 26, 2006, will be denied.